**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DAVID J. MIRELES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | 3:11-cv-00503-RCJ-VPC |
| ) | |
| INFOGROUP/OPINION RESEARCH CORP. et ) | **ORDER** |
| al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

This case arises out of the termination of an employee, resulting in his parole revocation. Pending before the Court are Defendants' motion to dismiss and several miscellaneous motions by Plaintiff. For the reasons given herein, the Court dismisses the Complaint for failure to comply with Rule 8, with leave to amend in part, and denies the remaining motions, except Plaintiff's motion to amend.

## I.   FACTS AND PROCEDURAL HISTORY

Plaintiff David J. Mireles is a prisoner at the Northern Nevada Correctional Center serving a life sentence for sexual assault, and whose parole was revoked when Defendant Infogroup/Opinion Research Corp. ("ORC") terminated him for sexual harassment. (*See* Compl., July 21, 2011, ECF No. 8, at 1, 5–8). Gwyn LNU hired Plaintiff to work at ORC's call center in Reno, Nevada on July 29, 2009. (*Id.*, ECF No. 8, at 5). Plaintiff disclosed his criminal history and parole to Gwyn, who hired him on the condition that he never reveal it to anyone else at ORC. (*Id.*). Seven months later, on March 23, 2010, day shift supervisor Jamie Botelho

1  summoned Plaintiff to her office, where six other white female supervisors were already present,
2  and informed him that a white female employee had accused him of sexual harassment. (*Id.*, ECF
3  No. 8, at 5–6). Plaintiff denied the accusation, but Botelho told him that they knew he was on
4  parole for sexual assault and that if anyone else complained of sexual harassment he would be
5  terminated. (*Id.*, ECF No. 8, at 6). Plaintiff avoided contact with coworkers to prevent any
6  complaints, but he began to sense hostility from his coworkers, who began to avoid him, and on
7  or about May 6, 2010 Botelho again summoned him to her office and terminated him for
8  allegedly sexually harassing another female coworker. (*Id.*, ECF No. 8, at 8–9). Plaintiff
9  believes that several coworkers conspired falsely to accuse him of sexual harassment and that
10 despite his exemplary work record, he was terminated because he was on parole for sexual
11 assault, he is a Hispanic male, and he had protested to his supervisors about ORC's policies of
12 wilfully and illegally putting people back onto call lists who had requested to be taken off of the
13 lists and lying to them about use of their personal information. (*See id.*, ECF No. 8, at 11–13,
14 17–19).

15      Plaintiff informed his parole officer of his termination for sexual harassment, and she
16 submitted a warrant application and recommendation of parole revocation. (*Id.*, ECF No. 8, at
17 15). On July 13, 2010, she arrested him, and on October 5, 2010, the Revocation Board found
18 him responsible for violating his parole by sexually harassing his coworkers, relying on
19 Botelho's statements. (*Id.*).

20      Plaintiff has filed a seventy-three-page Complaint in pro se against ORC, its president in
21 New Jersey, and twelve of its employees in Reno, Nevada, asserting various civil rights and
22 other federal and state law claims. As an initial matter, the Complaint is not in compliance with
23 Rule 8(a)(2), as it is not "a short and plain statement of the claim showing that the pleader is
24 entitled to relief." *See* Fed. R. Civ. P. 8(a)(2). Although the general allegations under the

25

heading "Nature of the Case" are clear and satisfy Rule 8(a)(2), the following forty-five pages that comprise the twelve nominal causes of action do not.  For example, the first nominal cause of action targets Botelho but then lists, scattered throughout several pages, Title VII, 42 U.S.C. § 1981, § 1983, § 2000e (Title VII), § 1985, § 1986, 18 U.S.C. § 1621, Model Penal Code §§ 241.1 and 224.1, Nevada Revised Statutes section 613.210(2), and several provisions of the Constitution.  The second nominal cause of action targets Tanaya Longland and includes a similar confusing menagerie of claims.  The remaining counts are targeted against various Defendants and similarly include many claims apiece.

## II.     LEGAL STANDARDS

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957).  Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted.  A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).  When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).  The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  A formulaic recitation of a cause of action

with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is plausible, not just possible. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Moreover, under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

**III.   ANALYSIS**

The Court dismisses the Complaint for failure to comply with Rule 8, with leave to amend in part. The Court will not attempt to analyze the present motion to dismiss against the Complaint as currently written. The Court provides Plaintiff with the following guidance for amendment. First, each numbered count should include only a single cause of action, and the title of each count should identify the cause of action, e.g., "Count 1 - Title VII (Race Discrimination)" or "Count 4 - 42 U.S.C. § 1981." A single count may be pled against more than one Defendant. Second, Plaintiff shall not plead any criminal statutes, because a plaintiff

1  may not privately prosecute criminal statutes. Third, Plaintiff shall not plead any causes of
2  action under model codes, such as the Model Penal Code, because such codes are not the law but
3  suggestions from a private organization for the benefit of state legislatures. Fourth, Plaintiff
4  shall not plead any causes of action to which Defendants as private actors are not amenable, such
5  as 42 U.S.C. § 1983 and claims of constitutional violations. Fifth, Title VII may only be pled
6  against the employer itself, i.e., ORC, not against individual Defendants. Sixth, section 1981
7  applies only to race discrimination, not to gender or other kinds of discrimination. Finally,
8  Plaintiff may bring his other state law claims, such as racketeering, and the motion to amend the
9  Complaint to add a "whistleblowers" claim is granted.

10  Plaintiff's motion for appointment of counsel is denied. There is no right to counsel in a
11  civil case. Plaintiff has made the facts clear and is able adequately to present his claims with the
12  Court's guidance, as noted above. The motion for a speedy jury trial is also denied. Plaintiff's
13  case will be tried in due course along with the other cases on the Court's very full docket. The
14  motion for a lis pendens is denied. Plaintiff does not identify any real property, the title to which
15  is in dispute. The motion to extend prison copywork limit is denied. Plaintiff must make
16  economic use of the free services provided. He alleges he has already used the $100 of free
17  copywork available. He may hand copy any additional copies of pleadings. The motion to
18  waive defects in service of process is denied. Finally, the motion for default judgment is denied,
19  as the Clerk has not even entered default against any Defendant.

20  ///
21  ///
22  ///
23  ///
24  ///

**CONCLUSION**

IT IS HEREBY ORDERED that the Complaint is DISMISSED for failure to comply with Rule 8(a)(2), with leave to amend in part.

IT IS FURTHER ORDERED that the Motion to Dismiss (ECF No. 17) is DENIED as moot.

IT IS FURTHER ORDERED that the Motion for Appointment of Counsel (ECF No. 4), Motion for a Speedy Jury Trial (ECF No. 6); Motion for Lis Pendens (ECF No. 10); Motion to Extend Prison Copywork Limit (ECF No. 13); and Motion to Waive Defects in Service (ECF No. 14) are DENIED.

IT IS FURTHER ORDERED that the Motion to Amend (ECF No. 11) is GRANTED.

IT IS FURTHER ORDERED that the Motion for Default Judgment (ECF No. 35) is DENIED.

IT IS SO ORDERED.

Dated this 7th day of October, 2011.

ROBERT C. JONES
United States District Judge